IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEROME WRIGHT,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**LANCE KORANDO,** *et al.*,<br><br>    **Defendants.** | Case No. 24-cv-01801-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on three motions filed by Plaintiff Jerome Wright.

   I.   **Motion to Clarify Filing Fee (Doc. 24)**

Plaintiff has filed a motion asking for information on how to pay the remainder of his initial partial filing fee, as money is currently not being deposited into his trust fund account. The motion is **GRANTED**. (Doc. 24). The Clerk's Office accepts personal checks, cashier's checks, or money orders made payable to "Clerk, U.S. District Court." Individuals can also pay the initial partial filing fee using a credit or debit card via telephone. If Plaintiff is unable to pay the sum of $34.09 in full, then on or before April 4, 2025, Plaintiff must demonstrate that he has no means to pay that amount by filing a motion with the Court and providing a statement of his prison trust fund account showing all transactions and balances for the entire period this case has been pending. (*See* Doc. 20).

   II.  **Motion for Counsel (Doc. 25)**

Plaintiff has filed a second motion seeking court recruited counsel to represent him in this case. (Doc. 25). Plaintiff states that in an attempt to obtain counsel on his own, he has contacted six law firms, but he has not received any responses. He provides the names and addresses of the

six law firms and copies of two certified mail receipts. Plaintiff argues that he cannot litigate this case himself because (1) he is ignorant of the law and has difficulties following simple instructions; (2) he is housed at Menard Correctional Center, where it will be difficult to obtain needed documents that are routinely deemed security threats to prevent disclosure; (3) he is designated SMI (seriously mentally ill), which impacts his understanding and comprehension skills; and (4) this is a complex case, and he will need expert testimony to prove that the medical treatment provided or lack thereof amounted to deliberate indifference.

Although Plaintiff has demonstrated reasonable efforts to locate counsel on his own without success, the Court finds that Plaintiff is competent to proceed *pro se* at this early stage in the case. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). Merits discovery is currently stayed, and so, there is no need to request sensitive documents or hire an expert. Plaintiff has some high school education, and his filings demonstrate he can clearly communicate with the Court. When he needs clarification about the Court's instruction, he files motions seeking additional information or status of his case. (*See* Doc. 12, 24, 26). Thus, Plaintiff's SMI status does not seem to be hindering his ability to advocate for himself, and the Court believes that Plaintiff will be capable of responding to any motion for summary judgment on the issue of exhaustion that is filed. *See McCaa v. Hamilton,* 959 F.3d 842, 846-47 (7th Cir. 2020). The issue of exhaustion is generally straightforward and hinges on facts available to Plaintiff, specifically, if and when he filed grievances and appeals for his claims. Neither counsel nor extensive legal research is required. For these reasons, the motion for recruitment of counsel is **DENIED**. (Doc. 25).

### III. Motion for Notice (Doc. 26)

Plaintiff has filed a motion stating that he placed a letter in institutional mail for all Defendants about the incidents that occurred and the time and date, but the mail was sent back to

him in the mail. He then proceeds to recount the information included in the letter. As it appears that Plaintiff is attempting to file discovery with the Court, the motion is **DENIED**. (Doc. 26). Plaintiff is informed that he is not to file discovery with the Court but shall produce documents directly to Defense Counsel for the Defendants. (*See* Doc. 20, p. 2).

    **IT IS SO ORDERED.**

    **DATED:   March 3, 2025**

                                       *s/Stephen P. McGlynn*
                                       **STEPHEN P. MCGLYNN**
                                       **United States District Judge**